IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2124-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PETER EBEL, | ) | |
|     Respondent. | ) | |

This matter is before the Court on three pending motions: Respondent's Motion to Dismiss [DE 66] and the government's Motions to Compel Respondent to Participate in a Deposition and to Submit to a Psychological Interview [DE 74 & 77].

## BACKGROUND

Respondent was certified by the Bureau of Prisons as a sexually dangerous person pursuant to 18 U.S.C. § 4248 and such certificate was filed in this Court on June 21, 2010. On May 11, 2011, documents in Respondent's cell were confiscated during a "shakedown" of the Maryland Unit at FCI Butner. On January 11, 2012, the Court ordered that all of Respondent's confiscated property be returned to Respondent's attorney. Respondent contends that not all of his confiscated material was returned. Specifically, Respondent contends that of eight handwritten books confiscated by the Bureau of Prisons (BOP), only four were returned.

Respondent argues that the failure to return these materials constitutes a *Brady* violation and violates Respondent's Fifth and Fourteenth Amendment rights. Respondent contends that such violation requires the dismissal of the action against him, or that, in the alternative, the Court bar the government or its witnesses from mentioning or referencing Respondent's

handwritten books during the § 4248 evidentiary hearing.

## DISCUSSION

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that it is a violation of due process for the prosecution to suppress evidence that is material to a defendant's guilt, innocence, or sentencing. Evidence is material if there is a reasonable probability that, if the prosecutor had disclosed the evidence to the defense, the outcome would have been different. *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (citation omitted). Impeachment evidence and exculpatory evidence implicate the rule announced in *Brady,* in addition to favorable information known not to the prosecutor but to others acting on the government's behalf. *Id.* at 280-281 (citations omitted). In sum, "[t]here are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Id.* at 281-82.

The *Brady* doctrine is generally applicable to criminal cases, but some courts have extended *Brady* protections to civil cases under certain circumstances. *See Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993). Indeed, this Court has found the *Brady* doctrine to be applicable to cases proceeding under 18 U.S.C. § 4248 because, although they are civil cases, fundamental liberty interests are at stake. *United States v. Edwards*, 777 F. Supp.2d 985 (E.D.N.C. 2011).

First, Respondent has failed to sufficiently allege that the materials at issue are either exculpatory or impeachment evidence. The government's brief refers to the handwritten books at issue as containing erotic materials featuring images of prepubescent males, which Respondent

2

disputes. In a subsequent filing, Respondent refers the material at issue as "evidentiary in nature" [DE 76]. Regardless of what is contained in these handwritten materials, Respondent fails to make a viable *Brady* claim unless he can allege that the evidence contained in these materials has some *exculpatory or impeachment* value, not merely that the materials are evidentiary in nature. Second, and perhaps more importantly, *Brady* is concerned with material exculpatory or impeachment evidence *not known* to the defendant. The Fourth Circuit has explained that "information actually known by the defendant falls outside the ambit of the *Brady* rule." *United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004). Further, "[i]n the case of a *Brady* claim, it is impossible for the defendant to know as a factual matter that a violation has occurred before the exculpatory evidence is disclosed." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 359 (2006).

Respondent's motion also relies on *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), in which the Supreme Court held that absent a showing of bad faith, police failure to preserve useful evidence did not violate a defendant's due process rights. In *Youngblood*, the Court held that, unlike under *Brady*, the good or bad faith of the state is relevant to the inquiry as to whether a defendant's due process has been violated when the state fails to preserve material that *might* serve to exonerate the defendant. *Id.* Here, even if Respondent could show that the materials at issue *might* serve to exonerate him, Respondent has made no showing that the BOP or the government has acted in bad faith.

The government states that it has complied with the Court's order and that all materials that were seized from Respondent have been returned to Respondent's counsel. When returning materials to Respondent's counsel, several documents, including those at issue here, were

3

marked by the government as being "for attorney's eyes only." The Court's standing order entered with regard to § 4248 cases provides that "[i]f counsel for a party in good faith believes that a document contains information that presents a risk of harm to respondent or others if shown to respondent, such counsel may designate such document on its face as 'Attorney's Eyes Only.' Any document so marked shall not be shown the to respondent with the consent of opposing counsel or order of this court." 11-SO-4 at 11(f)(i). Counsel for the government and Respondent are hereby directed to confer to determine whether Respondent should be permitted to examine the materials confiscated from his cell and returned to his counsel. Any alleged prejudice that might arise from permitting counsel for Respondent but not Respondent personally from reviewing these documents should be the subject of a separate motion.

*Motions to Compel*

Respondent's opposition to the government's Motion to Compel Participation in a Deposition is based on his contention that exculpatory evidence has been lost or withheld. Because the Court has found such argument to be without merit, the government's motion is granted. Respondent is hereby compelled to submit to a deposition by the government.

On November 4, 2010, the Court ordered the government to conduct a psychiatric or psychological examination of Respondent pursuant to 18 U.S.C. § 4247(b). The Court further permitted Respondent to request by separate motion an additional examiner. It appears the Respondent has refused to submit to any psychiatric or psychological examination by anyone other than Dr. Joseph Plaud, whom Respondent requested and this Court appointed as a mental health examiner. Because this Court has previously ordered that the government conduct a psychiatric or psychological examination of Respondent, the government's Motion to Compel

4

Respondent to Submit to a Psychological Interview is granted.

## CONCLUSION

Accordingly, for the reasons discussed above, Respondent's Motion to Dismiss is DENIED. The government's Motions to Compel Participation in a Deposition and to Submit to a Psychological Interview are GRANTED.

SO ORDERED, this __10__ day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE